MAY 5, 1803.

# Henry Blunt and wife v. Jas. Sprowl and wife.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Gallatin county.*

1. Parol proof is inadmissible to show that the arbitrators were sworn before they proceeded to act.

2. Unless it appear upon the face of the award, which is the basis of the judgment, that the arbitrators were sworn before they proceeded to act, the judgment can not be sustained.

3. A court can not refer a controversy to arbitrators until a declaration, or other writing, has been filed containing a statement of the nature of the controversy.

Agreeably to the decision of this court in the case of *Shult* against *Travis*, it should appear on the face of an award made by order of court, that the arbitrators were sworn before they proceeded to the consideration and determination of the subject submitted to them, and therefore parol proof of their having been sworn is inadmissible.  Independent of this, where no suit is depending, the act concerning awards expressly requires that the nature of the controversy should be stated in writing; and such a statement is equally necessary where a suit is depending.  And although it is not expressly required, it is clearly implied, in that part of the act which directs that the court before which a submission is made, " shall thereupon issue their order, certified by their clerk, and directed to the arbitrators, stating the dispute to them referred."

To enable the court to comply with this direction, a declaration containing a statement of the nature of the controversy, must have been filed, or such a statement as would have been requisite, had no suit been instituted. In these cases suits had been commenced, and afterward they were referred to arbitrators, without stating the nature of the disputes, and before a declaration or other writing had been produced, to enable the court to comply with the last-mentioned requisition. Therefore, it is considered by the court, that the judgment aforesaid be reversed and set aside, that the cause be remanded to the court from whence it came for new proceedings to be had therein, to commence from the writs, and that the plaintiffs do recover of the defendants their costs in this behalf expended, which is ordered to be certified to the said court.